1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    JUSTIN EDWARD LEWIS,

11                              Plaintiff,

12            v.

13    CRAIG FERGUSON, *et al.*,

14                              Defendants.

CASE NO. 3:19-cv-5108-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JULY 19, 2019

15

16        Plaintiff, proceeding *pro se* and *in forma pauperis* (*see* Dkt. 4), brought this matter under

17    42 U.S.C. § 1983.  The District Court has referred the case to the undersigned Magistrate Judge

18    pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3,

19    and MJR 4.  *See* Dkt. 2.  Before the Court is defendants' motion to dismiss.  Dkt. 17.

20        Plaintiff alleges that defendants, who are corrections officers, used excessive force

21    against him and also violated the First Amendment when his bible was confiscated and his food

22    was thrown away.  Defendants argue that the matter should be dismissed because plaintiff fails to

23    state a claim for a First Amendment violation, fails to specify his custodial status and fails to

24

state a claim for excessive force under the Eighth Amendment, and fails to attach a copy of the

final grievance to show that he exhausted his claims.  *See* Dkt. 17.  The District Court should

agree with defendants' First Amendment argument because plaintiff fails to explain how the

actions at issue substantially burdened his religious practice.  However, defendants' remaining

arguments are unpersuasive—plaintiff has stated a claim for excessive force in violation of either

the Fourteenth or Eighth Amendment, and plaintiff's alleged failure to exhaust is not something

that plaintiff is required to plead as part of his complaint.  Therefore, the motion to dismiss

should be granted in part and denied in part, and plaintiff's First Amendment claims should be

dismissed without prejudice, meaning that he may amend his complaint.

# BACKGROUND

Plaintiff, who is housed at Kitsap County Jail, brings a claim of cruel and unusual

punishment in violation of the Eighth Amendment against five corrections officers for events

that allegedly occurred in January 2019.  *See* Dkt. 5, at 3.  Specifically, plaintiff alleges that

defendant Justin Nohrenberg "[r]ecklessl[y] took [plaintiff] to the ground," that defendant John

Sackman "pulled [my] pan[t]s down," and that defendant Craig Ferguson "[t]ook the Taz gun

a[nd] struck it inside my but[t]hole then some time[s] on my butt cheeks [sic]."  Dkt. 5, at 3.

Plaintiff also alleges that defendant Samuel Carson punched plaintiff's face six to eight times

while plaintiff was on the ground and that while he was in handcuffs, defendant Sascha Siebertz

hit plaintiff six to eight times in the ribs and then yelled a racial epithet at plaintiff.  *See* Dkt. 5, at

3.

Plaintiff also brings a separate claim for violation of his rights under the First

Amendment, alleging that sometime before the alleged use of excessive force, defendant

1  Nohrenberg took plaintiff's Bible and threw away his food after plaintiff stated that he was

2  fasting that day.  *See* Dkt. 5, at 3.  Plaintiff requests "[d]eclaratory [j]udgment."  Dkt. 5, at 4.

3      Plaintiff includes as attachments to his complaint various incident reports completed by

4  corrections officers who participated in the tazing incident.  *See* Dkt. 5, at 5–18.  In these

5  incident reports, defendants give a somewhat different version of events from plaintiff, stating,

6  among other things, that plaintiff refused to comply with an instruction to sit down or face the

7  wall (Dkt. 5, at 5, 7, 8, 15); that he resisted when one or more defendants attempted to "achiev[e]

8  a control grip" on him (Dkt. 5, at 5, 7); that he was taken to the ground, where he continued to

9  resist defendants (Dkt. 5, at 5, 7, 15) despite being pepper sprayed (Dkt. 5, at 8, 10); and that

10  these actions led defendants to administer "drive stuns" with a tazer gun to plaintiff's buttock or

11  lower back, as well as punches to plaintiff's torso and face and knee strikes to plaintiff's chest.

12  *See* Dkt. 5, at 5, 8–9, 11, 15, 17.  The Court notes that it may consider these materials properly

13  submitted as part of the complaint without converting a motion to dismiss to a summary

14  judgment motion.  *See Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083

15  (9th Cir. 2001).

16      Defendants have filed a motion to dismiss plaintiff's claims for failure to state a claim

17  upon which relief can be granted.  *See* Dkt. 17, at 1.  With their motion to dismiss, defendants

18  filed a notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Wyatt v. Terhune*,

19  315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  *See* Dkt. 18.  Plaintiff has filed a response, and

20  defendants have submitted a reply in support of their motion.  *See* Dkts. 19, 20.

21  ///

22  ///

23  ///

24

1

## STANDARD OF REVIEW

2      A complaint must contain "a short and plain statement of the claim showing that the

3 pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is

4 and the grounds upon which it rests[.]'" *Fed. R. Civ. P. 8(a)(2)*; *Bell Atl. Corp. v. Twombly*, 550

5 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although "detailed

6 factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to

7 relief above the speculative level[.]" *Id.*  "[A] complaint must contain sufficient factual matter,

8 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

9 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

10      A court must accept as true all factual allegations—but not legal conclusions—when

11 reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6).  *See Iqbal*, 556

12 U.S. at 678.  "When there are well-pleaded factual allegations, a court should assume their

13 veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

14 "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

15 sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (quoting *Twombly*, 550 U.S.

16 at 556).

17      When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally

18 and . . . afford the [plaintiff] the benefit of any doubt.'"  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

19 Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).  The

20 claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set

21 of facts in support of his claim which would entitle him to relief.'"  *Wilhelm v. Rotman*, 680 F.3d

22 1113, 1121 (9th Cir. 2012) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)).

23

24

Nevertheless, this Court will not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

# DISCUSSION

## I. First Amendment

Defendants argue that plaintiff failed to state a claim against them for violation of the First Amendment. *See* Dkt. 17, at 10. This Court recommends that defendants' motion be granted regarding this claim.

A § 1983 plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The belief at issue must be sincerely held and rooted in religious belief. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). Further, "[a] person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).

The factual allegations to support plaintiff's First Amendment claim are scant. *See* Dkt. 5, at 3. Regarding defendant Nohrenberg, plaintiff alleges that Nohrenberg violated the Free Exercise Clause by taking plaintiff's bible and throwing away his food after plaintiff said that he was fasting. *See* Dkt. 5, at 3. Plaintiff's complaint is devoid of any allegations to support that these actions interfered with a sincerely held religious belief or substantially burdened his religious practice. Plaintiff does not connect his fasting to any particular religion or religious practice. Nor does he explain how confiscation of his bible substantially burdened his religious practice; notably, it appears from the incident reports attached to his complaint that although large bibles were taken away, small bibles continued to be allowed. *See* Dkt. 5, at 12. A

1    showing of substantial burden requires more than inconvenience—it requires a showing of action

2    with "a tendency to coerce individuals into acting contrary to their religious beliefs or [to] exert

3    substantial pressure on an adherent to modify his behavior and violate his beliefs." *See Ohno v.*

4    *Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013).  Without more, plaintiff's scant allegations fail to

5    state a cognizable claim for violation of the Free Exercise Clause.

6    Plaintiff alleges no particular facts about how defendants Seibertz, Ferguson, Carson, and

7    Sackman took any action related to the removal of his bible or disposal of his food.  *See* Dkt. 5,

8    at 3.  Thus plaintiff fails to state a claim upon which relief can be granted because he does not

9    explain how any of these four defendants caused or personally participated in causing the alleged

10   harm or how these alleged harms impacted his right to practice his religion.

11   **II.  Exhaustion**

12   Defendants argue that all of plaintiff's claims should be dismissed because he failed to

13   attach a copy of the final grievance resolution of the facts related to his case, so that he has not

14   shown that he has exhausted his claims.  *See* Dkt. 17, at 1.  This Court disagrees.

15   The PLRA requires the exhaustion of available administrative remedies in order to bring

16   a § 1983 claim.  *See* 42 U.S.C. § 1997e(a); *see also Kingsley v. Hendrickson*, __ U.S. __, 135 S.

17   Ct. 2466, 2476, 192 L. Ed. 2d. 416 (2015) (PLRA applies to pretrial detainees and convicted

18   prisoners).  However, failure to exhaust is an affirmative defense, and defendants, not plaintiff,

19   bear the burden to raise and prove it.  *See Jones v. Bock*, 549 U.S. 199, 212–17 (2007).  "[T]he

20   proper procedural device for determining whether administrative remedies have been exhausted

21   is a summary judgment motion."  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).

22   "[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a

23

24

1   prisoner has not exhausted his administrative remedies and that he is without a valid excuse."

2   *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).

3       Plaintiff completed a prior version of this Court's form § 1983 complaint, in which he

4   checked "[y]es" on boxes indicating that there was an available grievance process, that he had

5   filed a grievance concerning the facts of the complaint, and that the grievance process had been

6   completed. Dkt. 5, at 2. However, plaintiff failed to attach a copy of the final grievance

7   resolution, as this Court required. *See* Dkt. 5, at 2. It should be noted that this District's form

8   complaint for § 1983 claims no longer includes this section of questions about grievances,

9   precisely because this is not something that is required to be alleged in the complaint. *See* 1983

10  Prisoner Civil Rights Complaint with Instruction Sheet, Western District of Washington (March

11  2019); *see generally* Richard H. Frankel & Alistair E. Newbern, *Prisoners and Pleading*, 94

12  Wash. U. L. Rev. 899, 904 (2017) (noting that although most form complaints require answering

13  a series of questions about exhaustion, the Supreme Court has explicitly held that exhaustion is

14  not a pleading requirement).[1]

15      Dismissal on the basis of failure to exhaust is not appropriate here because it is not

16  apparent from the face of the complaint that plaintiff has failed to exhaust. *See Albino*, 747 F.3d

17  at 1169. Rather, the factual allegations of the complaint—which this Court must take as true—

18  include that plaintiff did complete the grievance process available to him. *See* Dkt. 5, at 2.

19  Plaintiff's failure to substantiate these allegations by attaching the final resolution goes to his

20  ability to support this factual allegation with evidence—a matter relevant at summary judgment

21  or trial, not on a motion to dismiss. The Court recommends that defendants' motion to dismiss

22  regarding failure to exhaust remedies be denied.

23

24      [1] *Available at* https://www.wawd.uscourts.gov/court-forms#Prisoner.

### III. Excessive Force Claims

Defendants argue that plaintiff's excessive force claims should be dismissed because plaintiff has failed to explain whether he was a pretrial detainee or a convicted prisoner at the time of the events giving rise to his complaint. *See* Dkt. 17, at 7. Alternatively, defendants argue that plaintiff has failed to state a claim under the Eighth Amendment because the corrections officers' incident reports establish that force was used in good-faith, to maintain order. Dkt. 17, at 8. Again, these arguments fail.

A convicted prisoner alleging cruel and unusual punishment proceeds under the Eighth Amendment and must establish a sufficiently serious deprivation and that the individual who allegedly violated the constitution had a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This Court looks to a defendant's subjective state of mind to determine whether the defendant was sufficiently culpable. *See Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015). If plaintiff was a convicted prisoner at the time of the event, the inquiry into excessive force focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

However, in cases involving pretrial detainees, the Court performs an inquiry under the Fourteenth—rather than the Eighth—Amendment. *See Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 924 n.2 (9th Cir. 2017); *Castro v. City of L.A.*, 833 F.3d 1060, 1069 (9th Cir. 2016). "[T]o prove an excessive force claim, a pretrial detainee must show . . . only that the officers' use of . . . force was *objectively* unreasonable." *Kingsley*, 135 S. Ct. at 2470. This standard is more lenient because "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" *Id.* at 2475.

1      The Court notes that plaintiff's complaint does not state whether he was a pretrial

2 detainee or convicted prisoner at the time of the events at issue.  Nonetheless, because plaintiff

3 proceeds *pro se*, his complaint will be afforded a liberal construction.  *See Blaisdell v. Frappiea*,

4 729 F.3d 1237, 1241 (9th Cir. 2013).  Moreover, defendants provide no authority to support that

5 failure to specify whether plaintiff is a pretrial detainee or a convicted prisoner merits dismissal

6 of his complaint for failure to state a claim.

7      Defendants argue that it is apparent from the incident reports attached to plaintiff's

8 complaint "that officers responded to a threat to the security of the jail, inmates[,] and

9 corrections officers caused by Plaintiff, which required the application of force necessary to

10 restore order and to control Plaintiff's conduct."  Dkt. 17, at 9.  However, this argument

11 overlooks that in interpreting plaintiff's factual allegations, the Court must view those allegations

12 in the light most favorable to plaintiff.  *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

13 2005).  Here, plaintiff's allegations paint a different picture of events than the incident reports

14 attached to his complaint, in which the corrections officers state that their punches, kicks, and

15 use of a taser gun were reasonable responses to plaintiff's aggression and resistance.  For his

16 part, plaintiff maintains that he was tackled to the ground, where his pants were pulled down, a

17 taser gun was used on him in a sexually assaultive manner, he was punched in the face "hard" six

18 or more times, and—after he was handcuffed—he was punched six to eight more times in the

19 ribs while a racial epithet was shouted.  *See* Dkt. 5, at 3.  These allegations, if true, amount to

20 excessive force because they show force used maliciously and sadistically to cause harm.

21 Similarly, if plaintiff was a pretrial detainee at the time, he has also stated a claim because his

22 allegations, taken as true, amount to showing that the force "purposely or knowingly used against

23 him was objectively unreasonable."  *See Kingsley*, 136 S. Ct. at 2473.

24

REPORT AND RECOMMENDATION - 9

**CONCLUSION**

For the reasons set forth above, the Court recommends that defendants' motion to dismiss be **GRANTED IN PART AND DENIED IN PART**.  Defendants' motion with regard to plaintiff's First Amendment claims should be **GRANTED** and that claim should be dismissed without prejudice, but defendants' motion to dismiss with regard to plaintiff's remaining claims should be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 19, 2019** as noted in the caption.

Dated this 3rd day of July, 2019.

J. Richard Creatura
United States Magistrate Judge