UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN EDWARD LEWIS,<br><br>              Plaintiff,<br><br>    v.<br><br>CRAIG FERGUSON, et al.,<br><br>              Defendants. | CASE NO. C19-5108 BHS-JRC<br><br>ORDER ADOPTING AND MODIFYING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 21, and Defendants Samuel Carson, Craig Ferguson, Justin Nohrenberg, John Sackman, and Sascha Siebertz's ("Defendants") objections to the R&R, Dkt. 22.

On July 3, 2019, Judge Creatura issued the R&R recommending that the Court grant Defendants' motion to dismiss in part and deny it in part. Dkt. 21. Regarding the portion that should be granted in part, Judge Creatura recommended that Plaintiff Justin Edward Lewis's ("Lewis") First Amendment claim be dismissed without prejudice and with leave to amend. *Id.* On August 11, 2019, Defendants filed objections. Dkt. 22.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Defendants raise two objections to the R&R. First, Defendants argue that Lewis should only be allowed to amend his First Amendment claim against Nohrenberg and that the claim should be dismissed with prejudice against the other Defendants. Dkt. 21 at 2–3. At this point, Lewis's allegations are so minimal that the Court is unable to conclude either way whether Lewis may only bring this claim against Nohrenberg. In other words, it is unclear whether Nohrenberg is the only officer to personally participate in this alleged deprivation. In fact, it is entirely possible that Lewis may clarify that this claim applies only to Nohrenberg in an amended complaint. Therefore, the Court adopts the R&R on this issue.

Second, Defendants argue that Lewis's complaint is deficient because he failed to allege whether his excessive force claim is brought under the Eighth Amendment as a post-conviction prisoner or under the Fourteenth Amendment as a pretrial detainee. Dkt. 21 at 3–4. Defendants have failed to establish that this is a required element of either type of claim and that failure to include such an allegation subjects a claim to dismissal. On the other hand, the Court finds that clarity on this issue would assist the parties and the Court, and it is highly likely that Defendants, as Lewis's custodial officers, are well aware of the answer to this question. Thus, the Court will grant Lewis leave to amend his complaint on this issue as well.

Therefore, the Court having considered the R&R, Defendants' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED** and **MODIFIED in part**;

(2) Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**;

(3) Lewis is **GRANTED** leave to amend his complaint as stated above; and

(4) Lewis shall file a complaint or otherwise respond no later than October 4, 2019.

Dated this 11th day of September, 2019.

BENJAMIN H. SETTLE
United States District Judge