UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN E. LEWIS,

                Plaintiff,

      v.

CRAIG FERGUSON,

                Defendants.

CASE NO. 3:19-cv-05108-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: APRIL 3, 2020

       This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.  Before the Court is defendant's motion to dismiss plaintiff's amended complaint.  Dkt. 31.

       In his amended complaint, plaintiff Justin Edward Lewis alleges that defendant Craig Ferguson, a Kitsap County corrections officer, violated plaintiff's First Amendment rights when a different officer threw plaintiff's bible from his cell to the floor and when plaintiff was prevented from attending religious services offered to other prisoners.  *See* Dkt. 30, at 4–5.

1   Plaintiff also alleges that he would like to proceed with an excessive use of force claim "as is

2   already written"; however, he does not allege any facts in his amended complaint to support such

3   a claim. *See id.* at 4. Plaintiff fails to state a claim against defendant because: (1) plaintiff fails

4   to plead sufficient facts to demonstrate how defendant violated plaintiff's First Amendment

5   rights; and (2) plaintiff fails to allege any facts supporting a claim of excessive use of force

6   against defendant. Thus, the undersigned recommends that defendant's motion to dismiss

7   plaintiff's First Amendment claims be granted with prejudice. The undersigned further

8   recommends *sua sponte* dismissal of plaintiff's claim that defendant used excessive use of force

9   and that plaintiff be given leave to amend regarding this claim.

10                                   **BACKGROUND**

11          Plaintiff is a pretrial detainee currently housed at Thurston County Jail and is proceeding

12   *pro se* and *in forma pauperis*. *See* Dkts. 4, 30. In his amended complaint, plaintiff alleges that

13   defendant violated his First Amendment rights when another corrections officer threw plaintiff's

14   bible from plaintiff's cell to the "day room" floor during a room search in January 2019. *See*

15   Dkt. 30, at 2, 4–5. Plaintiff also alleges that he was subsequently moved to a new cell in "'B'

16   pod," where he was not allowed to attend religious services, despite other inmates being

17   permitted to "partake in [religious] services." *Id.* at 5. Plaintiff claims that these incidents

18   resulted in "(1) [l]oss of freedom of symbolic speech, (2) [l]oss of free[dom] to practice religious

19   [f]re[e]dom, (3) [m]ental anguish and discord." *Id.*

20          Additionally, plaintiff states that he would "like to have the right to proceed on the

21   excessive force claim as is already written" in his original complaint filed March 7, 2019. *See*

22   Dkts. 5, at 3; 30, at 4. However, plaintiff fails to allege any additional facts supporting his claim

23   that defendant used excessive force.

24

Plaintiff seeks monetary damages and injunctive relief, specifically requesting "religious co[o]rd[i]nat[o]r for all units in Kitsap Jail" and "update[d] use of force policy and training [for] all staff." *Id.* at 6.

## PROCEDURAL HISTORY

Plaintiff initiated this case on February 15, 2019, and his complaint was filed with an order directing service on March 7, 2019. *See* Dkts. 1, 5, 6. Original defendants Ferguson, Samuel G. Carson, John A. Sackman, Justin Nohrenberg, and Sascha A. Siebertz filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See* Dkt. 17. On September 11, 2019, the Court granted in part and denied in part defendants' motion to dismiss. *See* Dkt. 23. The Court also granted plaintiff leave to amend his complaint. *See id.*

Plaintiff filed his amended complaint on December 11, 2019, in which he named only defendant Ferguson. [1] Defendant filed this motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted. *See* Dkt. 31, at 1. With his motion to dismiss, defendant filed a notice pursuant to *Rand v. Rowland*, 154 F.3d 954 (9th Cir. 1998), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003). *See* Dkt. 31-2. Plaintiff filed his response to the motion to dismiss, in which he also "seek[s] to compel . . . DVR foot[a]ge" from the time of the complained-of incidents. Dkt. 33, at 2. Defendant filed a reply in support of his motion to dismiss and in response to plaintiff's motion to compel. *See* Dkt. 34. Defendant contends that plaintiff's amended complaint lacks a cognizable legal theory for recovery and that plaintiff's motion to compel should be denied.

---

[1]    Plaintiff does not name Carson, Sackman, Nohrenberg, and Siebertz as defendants in the amended complaint, therefore, these defendants were terminated as defendants to this action on December 11, 2019. *See* Dkt. 30.

1                                    **STANDARD OF REVIEW**

2         A complaint must contain "a short and plain statement of the claim showing that the

3 pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is

4 and the grounds upon which it rests[.]'" *Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly*, 550

5 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed

6 factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to

7 relief above the speculative level[.]" *Id.* "[A] complaint must contain sufficient factual matter,

8 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

9 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

10         A court must accept as true all factual allegations—but not legal conclusions—when

11 reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556

12 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their

13 veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

14 "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

15 sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S.

16 at 556).

17         When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally

18 and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

19 Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)). The

20 claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set

21 of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d

22 1113, 1121 (9th Cir. 2012) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)).

23

24

1    Nevertheless, this Court will not supply essential elements of the claim that were not initially

2    pled.  *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

3                                    **DISCUSSION**

4              To state a claim for relief under 42 U.S.C. § 1983, at least two elements must be met:

5    (1) the alleged infringement must have been proximately caused by a person acting under color

6    of state law and (2) defendants' conduct must have deprived the plaintiff of rights, privileges or

7    immunities secured by the Constitution or laws of the United States.  *Paratt v. Taylor*, 451 U.S.

8    527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  A third

9    element of causation is implicit in the second element.  *See Mt. Healthy City School Dist. Bd. Of*

10   *Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir.

11   1980), *cert denied*, 449 U.S. 875 (1980).  A plaintiff must allege facts showing how individually

12   named defendants caused, or personally participated in causing, the harm alleged in the

13   complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

14       **I.      First Amendment Claim**

15             Defendant argues that plaintiff failed to state a claim against him for violation of

16   plaintiff's First Amendment rights, and therefore, the amended complaint should be dismissed.

17   *See* Dkt. 31, at 1.

18             Pretrial detainees retain the protections afforded by the First Amendment.  *See Shakur v.*

19   *Schriro*, 514 F.3d 878, 883 (9th Cir. 2008).  However, a plaintiff asserting a First Amendment

20   violation pursuant to 42 U.S.C. § 1983 must allege facts showing how a named defendant

21   caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v.*

22   *IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

23

24

1    In this case, plaintiff alleges no facts that would allow the Court to infer that defendant

2    caused or personally participated in causing the alleged violation of plaintiff's First Amendment

3    rights. *See Arnold*, 637 F.2d at 1355. While plaintiff alleges that former defendant Nohrenberg

4    and other unnamed corrections officers participated in the alleged violations, plaintiff fails to

5    allege facts connecting defendant—the only remaining defendant in this action—in any way to

6    the alleged harm to plaintiff. *See* Dkt. 30, at 4–5. Thus, plaintiff fails to state a claim upon

7    which relief can be granted because he does not explain how defendant caused or personally

8    participated in causing the alleged harm. *See Arnold*, 637 F.2d at 1355.

9    Additionally, in his response to defendant's motion to dismiss, plaintiff appears to raise

10   new allegations regarding original defendant Sackman's participation during the January 2019

11   incidents. *See* Dkt. 33, at 1. Plaintiff also alleges that the remaining defendant, — defendant

12   Ferguson — was present "on that day," too, however, plaintiff does not identify defendant's

13   participation in the alleged First Amendment violations. *Id.* Plaintiff merely concludes that

14   "[b]ecause it all happen[ed] in the same time frame[,] the First Amendment [claim] should be put

15   in [the] same suit . . . and other defendant[s] should not be taken off the case." *Id.* at 2. Even if

16   the Court considered plaintiff's new allegations into its analysis, the sum of plaintiff's allegations

17   still do not state an adequate claim of relief against defendant. And plaintiff has not named any

18   other defendants in the Amended Complaint. *See* Dkt. 30, at 3.

19   Moreover, review of plaintiff's arguments in his response to the motion to dismiss

20   indicates that amendment would be futile. Therefore, plaintiff's First Amendment claims against

21   defendant should be dismissed with prejudice.

22

23

24

## II.     Excessive Use of Force Claim

Defendant seeks to dismiss plaintiff's amended complaint based solely on plaintiff's First Amendment claims. *See* Dkt. 31, at 1. However, plaintiff additionally appears to attempt to bring a claim against defendant for excessive use of force, stating that he would "like to have the right to proceed on the excessive force claim as is already written." Dkt. 30, at 4.

The Court *sua sponte* addresses plaintiff's claim for excessive use of force pursuant to its authority under the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(e)(2). Pursuant to the PLRA, "the [C]ourt shall dismiss the case *at any time* if the [C]ourt determines that the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). As discussed in further detail below, plaintiff fails to state a claim for excessive use of force under 42 U.S.C. § 1983 in his amended complaint, and therefore, the Court recommends dismissal of this claim.

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, an amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

In his amended complaint, plaintiff alleges only that he would "like to have the right to proceed on the excessive force claim as is already written." Dkt. 30, at 4. Plaintiff alleges no additional facts from the original complaint in his amended complaint to support this claim.

1  Because plaintiff fails to re-allege sufficient facts to state a claim against defendant for excessive

2  use of force, plaintiff has waived the claim. *See Forsyth,* 114 F.3d at 1474. Accordingly, the

3  Court recommends dismissal of plaintiff's claim against defendant for excessive use of force.

4        The Court notes, however, plaintiff's potential confusion as to whether he could rely on

5  his pleadings in the original complaint. *See* Dkts. 21, 23. Accordingly, the undersigned

6  recommends that the District Court grant plaintiff leave to amend his claim against defendant for

7  excessive force, which the Court previously instructed plaintiff survived defendants' prior

8  motion to dismiss. *See* Dkt. 23, at 2.

9        **III.    Motion to Compel**

10        In his response to defendant's motion to dismiss, plaintiff "seek[s] to comp[e]l [] DVR

11  foot[a]ge" from the January 2019 incidents. Dkt. 33, at 2. Plaintiff does not indicate whether he

12  previously requested the referenced DVR footage, nor does he certify that he conferred or

13  attempted to confer with defendant prior to filing the motion.

14        The Court finds plaintiff's motion to compel inappropriate and premature at this time.

15  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant in good

16  faith conferred or attempted to confer with the person or party failing to make disclosure or

17  discovery in an effort to obtain it without court action."); *id* at (a)(3)(B)(iv) ("A party seeking

18  discovery may move for an order compelling . . . production, or inspection. This motion may be

19  made if a party fails to produce documents or fails to respond that inspection will be permitted—

20  or fails to permit inspection—as requested under Rule 34.").

21        Accordingly, the Court denies plaintiff's motion to compel without prejudice. The Court

22  advises plaintiff that he should familiarize himself with the Federal Rules of Civil Procedure, as

23  well as this Court's Local Rules of Practice, specifically the requirement that a movant certify

24

that he met and conferred with the opposing party before filing a motion to compel.  *See* Local

Civil Rule ("LCR") 37(a)(1).

## CONCLUSION

For the reasons set forth above, the Court recommends that defendant's motion to dismiss

be **GRANTED** with regard to plaintiff's First Amendment claims, and that claim should be

dismissed with prejudice.  The Court further recommends dismissal of plaintiff's claim for

excessive use of force, with leave to amend, and denial of plaintiff's motion to compel without

prejudice.  Plaintiff should be granted 30 days from the date of the District Court's Order to file

an amended complaint stating his excessive force claim without relying on prior filings.  Plaintiff

should not be allowed to re-allege any claims other than his excessive force claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 3, 2020,**

as noted in the caption.

Dated this 16th day of March, 2020.


J. Richard Creatura
United States Magistrate Judge