1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

JUSTIN E. LEWIS,

Plaintiff,

v.

CRAIG FERGUSON,

Defendant.

CASE NO. 3:19-cv-05108-BHS-JRC

ORDER DIRECTING *PRO BONO* COORDINATOR TO IDENTIFY *PRO BONO* COUNSEL

10
11
12
13
14
15
16

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4.  *See* Dkt. 2.  This matter is before the Court on plaintiff's motion for appointment of counsel.  *See* Dkt. 53.

Having considered plaintiff's motion, the balance of the record, and the governing law, the Court grants plaintiff's motion for the appointment of counsel, contingent on the identification of counsel willing to present plaintiff *pro bono* in this matter.

## BACKGROUND

Plaintiff, formerly housed at the Kitsap County Jail and proceeding *pro se* and *in forma pauperis*, initiated this matter in February 2019. *See* Dkts. 1, 4. Plaintiff's second amended complaint is the operative complaint. Dkt. 45. Following two motions to dismiss (Dkts. 17, 31), plaintiff's remaining claim in this matter is against defendant Ferguson, a Kitsap County corrections officer, for the alleged violation of plaintiff's Eighth Amendment rights. *See* Dkt. 45. Plaintiff alleges that defendant Ferguson used excessive force against plaintiff when he forced plaintiff to the ground and shot plaintiff "in [his] anus" with a taser two times. *Id.* at 1–2.

After plaintiff filed his second amended complaint, defendant Ferguson filed an answer and counterclaim against plaintiff for malicious prosecution. Dkt. 48. Defendant Ferguson does not deny that he used a taser on plaintiff; however, he denies that he inserted a taser into plaintiff's anus, and he claims that plaintiff's allegations are "false, unfounded, and malicious." *Id.* at 5–6.

Following defendant Ferguson's answer and counterclaim, plaintiff motioned the Court for appointment of counsel. *See* Dkt. 53. Plaintiff, who is now a ward of Western State Hospital (Dkt. 51), claims that he is unable to "help [him]self" due to his mental state and does not have access to any legal resources. Dkt. 53, at 1. This is his first motion for appointment of counsel. Defendant Ferguson has not filed any opposition to plaintiff's motion.

## DISCUSSION

Plaintiffs proceeding under 42 U.S.C. § 1983 have no constitutional right to appointed counsel. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *See id.* To decide whether exceptional

1   circumstances exist, the Court must evaluate both "the likelihood of success on the merits and

2   [plaintiff's] ability to articulate his claims *pro se* in light of the complexity of the legal issues

3   involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither

4   of these considerations is dispositive and instead [both] must be viewed together." *Palmer v.*

5   *Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

6          Here, plaintiff states that he suffers from mental health issues that prevent him from

7   litigating his case. *See* Dkt. 53. Plaintiff has previously raised the issue of his mental health

8   problems and their impact on his ability to pursue his case. *See* Dkts. 1, at 1 (also showing

9   plaintiff's indigency); 37, at 1. Additionally, as a ward of Western State Hospital, plaintiff states

10  that he does not have access to legal resources. *See* Dkt. 53, at 1; *see also* Dkt. 51, at 1 (noting

11  plaintiff's inability to access the Court).

12         Further, defendant Ferguson has now asserted a counterclaim against plaintiff for

13  malicious prosecution. *See* Dkt. 48, at 3–6. Thus, in addition to litigating his own claim,

14  plaintiff must now defend against defendant Ferguson's counterclaim, which adds to the

15  complexity of the legal issues involved in this matter and weighs in favor of appointing counsel.

16         Although the Court declines to analyze the merits of plaintiff's claim of excessive force

17  against defendant Ferguson at this stage in the litigation, plaintiff's § 1983 arguments do raise a

18  colorable claim of a constitutional violation, and even defendant Ferguson appears to concede

19  that he used a taser on plaintiff three times. *See* Dkt. 48, at 5. Further, given the posture of this

20  case—specifically the counterclaim against plaintiff—taken together with plaintiff's asserted

21  mental health issues and lack of access to legal resources, the interest of justice will best be

22  served if counsel from the Western District Pro Bono Panel is appointed to represent plaintiff in

23  this matter. *See also Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam)

24

1   (stating that appointment of counsel may be justified when a proceeding will go forward "more

2   efficiently and effectively").

3   ## CONCLUSION AND DIRECTIONS TO CLERK

4   Plaintiff's motion to appoint counsel (Dkt. 53) is granted, contingent on the identification

5   of counsel willing to represent plaintiffs in this matter.  The Western District of Washington's

6   *pro bono* coordinator is directed to identify counsel to represent plaintiffs, in accordance with the

7   Court's General Order 16-20 ("In re: Amended Plan for the Representation of *Pro Se* Litigants in

8   Civil Rights Actions"), section 4.  Once it has been determined whether the Court will be able to

9   appoint an attorney to represent plaintiff, the Court will issue appropriate orders.

10   The Clerk shall send a copy of this Order to plaintiff and counsel for defendant.

11   Dated this 23rd day of December, 2020.

12

13

14

15   J. Richard Creatura
     United States Magistrate Judge

16

17

18

19

20

21

22

23

24