UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN E. LEWIS,

                Plaintiff,

     v.

CRAIG FERGUSON, *et al.*,

                Defendants.

CASE NO. 3:19-cv-05108-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: February 4, 2022

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4. This matter is before the Court on plaintiff's motion for summary judgment. Dkt. 85.

       In this 42 U.S.C. § 1983 civil rights action involving the use of force at the Kitsap County Jail, plaintiff moves for summary judgment on defendant Ferguson's malicious prosecution counterclaim. Plaintiff claims that defendant Ferguson cannot show that plaintiff instituted his excessive force lawsuit with malice and without probable cause due to legitimate issues requiring

REPORT AND RECOMMENDATION - 1

resolution in court. Defendant Ferguson responds by arguing that plaintiff lacked probable cause to institute the lawsuit because—according to his version of events—the use of force was necessary. Because there are legitimate factual issues, such as whether the level of force used was justified and whether plaintiff resisted, and because defendant Ferguson makes no showing of malice, this Court recommends that plaintiff's motion be granted and defendant Ferguson's malicious prosecution counterclaim be dismissed with prejudice.

**BACKGROUND**

This action arises out of an incident that occurred while plaintiff was housed at the Kitsap County Jail. On January 19, 2019, after corrections officers conducted a "shakedown" of the jail cells, plaintiff had a verbal confrontation with defendant Ferguson. Dkts. 83, at 3, 100, at 2. Exactly what happened afterwards is disputed by the parties.

According to plaintiff, eight corrections officers "collectively and without warning initiated an altercation with Plaintiff, physically seizing him and forcing him to the ground" even though he "posed no threat of harm to them." Dkt. 83, at 3–4. He alleges that the corrections officers "went beyond merely restraining Plaintiff or limiting his movement" when they struck him repeatedly with closed fist and knee strikes and used chemical, electrical, and mechanical weapons against him. *Id.* at 4. Plaintiff alleges that during the altercation, his "pants were pulled down and Defendant Ferguson and/or other jail personnel applied Taser stuns to Plaintiff's bare skin in or around his buttocks and anus causing significant pain and bleeding." *Id.*

According to defendant Ferguson, after the verbal altercation, plaintiff refused to sit down as instructed and he "flexed his arm and used tension" against a correction officer's attempt to gain control of his arm. Dkt. 100, at 3. "Officers then took [plaintiff] to the ground" and applied pepper spray in plaintiff's eyes, but he "continued to struggle with officers and

refused to give up control of his hands." *Id.* Defendant Ferguson then "applied his taser drive in stun mode to [plaintiff]'s right buttock" three times until plaintiff "acknowledged that he would be cooperative." *Id.* at 100.

Plaintiff sued defendant Ferguson and other officers, alleging that they violated his constitutional rights by using excessive force. *See* Dkts. 5, 45, 83. In his answer to plaintiff's second amended complaint, defendant Ferguson included a malicious prosecution counterclaim against plaintiff. Dkt. 48, at 6. Defendant alleges that plaintiff instituted the action "with knowledge that the same was false, and unfounded, malicious and without probable cause." *Id.* Plaintiff now moves for summary judgment on defendant Ferguson's counterclaim. Dkt. 85. The motion has been fully brief. *See* Dkts. 85–87, 100–03.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if a moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of a given fact is determined by the required elements of the substantive law under which the claims are brought. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes that do not affect the outcome of the suit under the governing law will not be considered. *Id.*

Where there is a complete failure of proof concerning an essential element of the nonmoving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). However, when

presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on his pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249–50. However, weighing of evidence and drawing legitimate inferences from facts are jury functions, and not the function of the court. *See United Steel Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

## II.   Malicious Prosecution Counterclaim

Plaintiff moves for summary judgment on defendant Ferguson's counterclaim for malicious prosecution pursuant to RCW 4.24.350. Dkt. 85. Washington courts construe malicious prosecution claims strictly, "reasoning that such suits intimidate prospective litigants and that the public policy favors open courts in which a plaintiff may fearlessly present his case." *Gem Trading Co. v. Cudahy Corp.*, 92 Wn.2d 956, 964 (1979). A party asserting malicious prosecution must establish the following elements:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor

of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Clark v. Baines*, 150 Wn.2d 905, 911 (2004).

The Washington legislature decided to abrogate the fourth element, regarding termination of proceedings in favor of plaintiff, by permitting defendants to assert counterclaims for malicious prosecution under RCW 4.24.350. *See Hanson v. Estell*, 100 Wn. App. 281, 286 (2000). Additionally, except for counterclaims brought by a judicial officer, prosecuting authority, or law enforcement officer, "a malicious prosecution claim arising from a civil action requires the plaintiff to prove the same five elements listed above plus two additional elements: (6) arrest or seizure of property and (7) special injury (meaning injury which would not necessarily result from similar causes of action)." *Clark*, 150 Wn.2d at 912; *see also* RCW 4.24.350(2). Although the parties dispute the applicability of these last two elements, the Court need not decide these issues because the elements of "malice and want of probable cause constitute the gist of a malicious prosecution action," and are determinative here. *Clark*, 150 Wn.2d at 912.

**A. Probable Cause**

To establish lack of probable cause to institute a lawsuit, a defendant must show that plaintiff did not have a reasonable belief in the existence of facts on which the claim is based or in the legal validity of the claim itself. *Nguyen v. Cty. of Clark*, 2011 WL 181393, at *3 (W.D. Wash. Jan. 19, 2011).

Plaintiff argues that defendant Ferguson cannot show that plaintiff lacked probable cause to bring his excessive force claims, which entitles him to summary judgment. Dkt. 85, 8–9. Specifically, plaintiff argues that it is undisputed that force was used against him on January 19, 2019 and points to an incident report that documents what occurred on that date. *Id.* He argues

REPORT AND RECOMMENDATION - 5

that disputes regarding specific factual allegations, such as the necessity of the force used, that need to be resolved through litigation do not mean that there is a want of probable cause. *Id.* at 9.

In response, defendant Ferguson provides a declaration detailing the January 19, 2019 incident from his perspective and argues that his declaration "clearly shows that the use of force was a necessary reaction to Plaintiff's own conduct and behavior." Dkt. 100, at 11. He claims that "[i]f the facts of this case, as demonstrated at trial through exhibits and witnesses, support Defendant's position and support the facts in Officer Ferguson's declaration . . . then Plaintiff's claims against Officer Ferguson lack probable cause and Defendant may prevail on his counterclaim for malicious prosecution." Dkt. 100, at 12.

However, even if a plaintiff's claim is ultimately unsuccessful, a plaintiff could still have had probable cause to maintain the action if there were legitimate issues requiring resolution in the trial court. *See Ostrander v. Madsen*, 2003 WL 193565, at *2 (9th Cir. 2003) (affirming dismissal of malicious prosecution counterclaim on summary judgment because there was a legitimate issue as to whether the plaintiff's resistance justified the level of force the officers used). Even if a plaintiff's claim is dismissed on summary judgment, a malicious prosecution counterclaim will fail as long as there was a factual basis for the dispute. *See Hanson v. Estell*, 100 Wn.App. 281, 286–87 (2000).

In this case, the parties have differing version of events, such as whether plaintiff resisted and how defendant Ferguson used the taser. They also dispute whether the level of force used was justified given the circumstances of the incident. These are legitimate issues requiring judicial resolution that support probable cause for plaintiff to have instituted the action. Therefore, the Court concludes that plaintiff had a reasonable belief that the relevant facts he alleged in his complaint could be established through the trial process and therefore had probable cause to institute this action.

### B. Malice

To establish malice requires a showing that the lawsuit "was undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff." *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 502 (1942). Defendant Ferguson argues that malice can be inferred from the lack of probable cause to institute the lawsuit. *See* Dkt. 100, at 13–14. This Court disagrees. If that were the rule, the separate elements of malice and want of probable cause would collapse into one. According to the Supreme Court of Washington, even if a claimant proves a lack of probable cause, "that in itself will not justify his recovery of damages for malicious prosecution. He must go further and establish malice on the part of the defendant, for want of probable cause without malice is of no avail." *Peasley*, 13 Wn.2d at 500. Defendant Ferguson does not offer any other evidence of malice and, as such, failed to rebut plaintiff's showing of a failure of proof concerning an essential element on which defendant Ferguson has the burden of proof. *See Celotex*, 477 U.S. at 323. Therefore, plaintiff is entitled to judgment as a matter of law.

### CONCLUSION

The undersigned recommends that plaintiff's motion for summary judgment (Dkt. 85) be **granted** and defendant Ferguson's malicious prosecution counterclaim be **dismissed with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

1 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
2 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 4,**
3 **2022**, as noted in the caption.

Dated this 18th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge