UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN E. LEWIS,

          Plaintiff,

   v.

CRAIG FERGUSON, *et al.*,

          Defendants.

CASE NO. 3:19-cv-05108-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 4, 2022

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4. This matter is before the Court on defendants' motion to dismiss and motion for partial summary judgment. Dkt. 105.

    This action arises out of an alleged excessive force incident that occurred while plaintiff was housed at the Kitsap County Jail. Plaintiff alleges that all of the named defendants used excessive force on him in violation of his Eighth and Fourteenth Amendment rights. Specifically, he alleges that after a verbal confrontation with defendants, they took him down and struck him

1  with closed fist and knee strikes, used pepper spray on him, and pulled his pants down and
2  applied taser stuns to his anus.
3       Defendants move to dismiss plaintiff's § 1983 claims because they argue he has not
4  provided sufficient facts of the specific actions any of the defendants took. As a result, they
5  argue that they do not know what plaintiff is alleging they did. Alternatively, defendants move
6  for partial summary judgment on plaintiff's Fourteenth Amendment claims because, according to
7  jail records, plaintiff was a convicted prisoner at the time of the incident.
8       As to their motion to dismiss, the Court concludes that the facts alleged support a claim
9  for excessive force against defendants because plaintiff alleges that all eight of them engaged in
10  the use of force. Therefore, defendants are on notice of the conduct they are alleged to have
11  committed. Whether all of them actually committed that conduct is plaintiff's burden to prove,
12  but plaintiff has done enough to state claim at this stage. Regarding the motion for partial
13  summary judgment, the Court concludes that defendants have not carried their burden to show an
14  absence of genuine issue of material fact regarding plaintiff's confinement status. The jail
15  records they rely on show that plaintiff was sentenced to 364 days of confinement on November
16  8, 2017 and that he was arrested regarding the same cause number on November 13, 2018.
17  However, the 364 days had passed by then and the alleged excessive force incident occurred on
18  January 19, 2019. The jail records defendants provided do not show that plaintiff's initial
19  sentence was extended or that he was convicted of another charge on the date of the incident.
20       Therefore, the Court recommends that defendants' motion to dismiss be denied. The
21  Court also recommends that defendants' motion for partial summary judgment be denied.
22  However, defendants should be given an opportunity to renew their motion upon a proper
23
24

showing of an absence of a genuine dispute of fact as to plaintiff's confinement status on the date of the incident.

## BACKGROUND

Plaintiff, initially proceeding *pro se*, commenced this matter in February 2019. Dkt. 1. Plaintiff amended his complaint twice before the Court appointed pro bono counsel on January 19, 2021. *See* Dkts. 30, 43, 57. On December 9, 2021, this Court granted plaintiff leave to amend his complaint for a third time. Dkt. 82. In his third amended complaint, plaintiff named Craig Ferguson, Logan Cromwell, Justin Nohrenberg, John Sackman, Samuel Carson, Sascha Siebertz, Jasmine Oliver, and Jordan Campbell as defendants. Dkt. 83 at 2–3.

According to plaintiff, on January 19, 2019, after corrections officers conducted a "shakedown" of the jail cells, plaintiff had a verbal confrontation with defendants. Dkt. 83 at 3. Plaintiff alleges that all eight defendants "collectively and without warning initiated an altercation with Plaintiff, physically seizing him and forcing him to the ground" even though he "posed no threat of harm to them." *Id.* at 3–4. He alleges that defendants "went beyond merely restraining Plaintiff or limiting his movement" when they struck him repeatedly with closed fist and knee strikes and used chemical, electrical, and mechanical weapons against him. *Id.* at 4. Plaintiff alleges that during the altercation, his "pants were pulled down and Defendant Ferguson and/or other jail personnel applied Taser stuns to Plaintiff's bare skin in or around his buttocks and anus causing significant pain and bleeding." *Id.*

Plaintiff brings § 1983 claims for violation of his Eighth and Fourteenth Amendment rights as well as state law claims for assault and battery. *Id.* at 4–5. Plaintiff is seeking damages. *Id.* at 6.

1   On January 13, 2022, defendants filed a motion to dismiss plaintiff's third amended
2   complaint and, in the alternative, a motion for partial summary judgment on plaintiff's
3   Fourteenth Amendment claims. *See* Dkt. 105. Plaintiff filed a response and defendants filed a
4   reply. Dkts. 110, 111. The motion is ripe for review.

**DISCUSSION**

5   

6   **I.    Motion to Dismiss**

7   **A. Legal Standard**

8   Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a
9   plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant
10  to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
11  555 (2007). The pleadings must raise the right to relief beyond the speculative level and must
12  provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause
13  of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286
14  (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual
15  allegations and construe all factual inferences in the light most favorable to the plaintiff. *See*
16  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific
17  legal theories need not be pleaded so long as sufficient factual averments show that the claimant
18  may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).

19  **B. 42 U.S.C. § 1983 Claims**

20  To state a claim for relief under § 1983, a plaintiff must show: (1) he suffered a violation
21  of rights protected by the constitution or created by federal statute, and (2) the violation was
22  proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d
23  1418, 1420 (9th Cir. 1991).

24

1          Defendants argue that plaintiff's § 1983 claims should be dismissed because plaintiff
2   failed "to state any specific factual allegation with regard to any individual defendant." Dkt. 105
3   at 5. According to defendants, plaintiff was required to allege facts regarding the specific actions
4   each of the eight defendants took during the alleged excessive force incident because defendants
5   "have no idea what Plaintiff is alleging they did." Dkt. 111 at 2.
6          Plaintiff alleges that "the eight Defendants collectively and without warning initiated an
7   altercation with Plaintiff, physically seizing him and forcing him to the ground." Dkt. 83 at 3. He
8   alleges that defendants then "struck Plaintiff repeatedly with closed fist and knee strikes while he
9   was on the ground and used chemical, electrical, and mechanical weapons and against Plaintiff
10  including multiple applications of OC pepper spray and Taser weapons, as well as a restraint
11  chair." *Id.* at 4. These allegations are enough to put defendants on notice of the conduct they are
12  alleged to have committed. Whether a particular defendant committed any or all those acts will
13  have to be ultimately proven by plaintiff, but the allegations are sufficient to put defendants on
14  notice of their alleged wrongdoing at this stage.
15         Defendants do not point to any authority requiring the level of specificity they desire.
16  Instead, defendants rely on case law regarding vicarious liability. *See* Dkt. 105 at 5, 111 at 3–4.
17  Indeed, vicarious liability is inapplicable to § 1983 claims. *See Ashcroft*, 556 U.S. at 676.
18  However, plaintiff is not alleging vicarious liability. Viewing the allegations and inferences in
19  the light most favorable to plaintiff, plaintiff is alleging that all defendants personally
20  participated or were integral participants in the use of force. *See Johnson v. Duffy,* 588 F.2d 740,
21  743–44 (9th Cir. 1978); *McRorie v. Shimoda,* 795 F.2d 780, 783 (9th Cir.1986) (individual
22  liability for Eighth Amendment violation may be based on personal participation or conduct that
23  causes a person to be subjected to a constitutional deprivation); *Robins v. Meecham*, 60 F.3d
24

1436, 1442 (9th Cir. 1995) ("prison official can violate a prisoner's Eighth Amendment rights by failing to intervene"). Other courts have come to the same conclusion when presented with similar facts. *See Thomas v. Solano*, 2021 WL 1556540 at *8 (C.D. Cal. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 1557605 (C.D. Cal. Feb. 26, 2021).

Accordingly, defendants' motion to dismiss plaintiff's § 1983 claims should be denied.

### C.  State Law Claims

Defendants briefly argue that plaintiff's state law claims fail for the same reason his § 1983 claims fail. Dkt. 105 at 5–6. Because plaintiff sufficiently alleged that all eight defendants participated in the use of force, and because defendants offer no other basis for their dismissal, the Court recommends that defendants' motion to dismiss plaintiff's state law claims should be denied.

## II.  Motion for Partial Summary Judgment

As an alternative to their motion to dismiss, defendants move for partial summary judgment on plaintiff's Fourteenth Amendment claims. *See* Dkt. 105 at 6–8. Summary judgment is appropriate if a moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party moving for summary judgment has the initial burden of showing an absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). "If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citing *Celotex*, 477 U.S. at 323–24).

1    Plaintiffs bringing suit "for injuries suffered while in custody may do so under the Eighth
2    Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the
3    Fourteenth Amendment's Due Process Clause." *Castro v. County of Los Angeles*, 833 F.3d 1060,
4    1067–68 (9th Cir. 2016). Defendants argue that plaintiff's Fourteenth Amendment claims for
5    excessive force should be dismissed because there is no genuine dispute that plaintiff was a
6    convicted prisoner and not a pretrial detainee at the time of the alleged incident. *See* Dkt. 105 at
7    6. Plaintiff's complaint is silent as to his confinement status when the alleged constitutional
8    violation occurred.

9    In arguing that plaintiff was convicted at the time of the incident, defendants rely on jail
10   records regarding plaintiff's arrests in 2017 and 2018. *See* Dkt. 107. According to defendants, on
11   November 8, 2017, plaintiff entered a guilty plea in a criminal matter with cause no. 17-1-01140-
12   0 and was sentenced the same day. *See* Dkts. 105 at 8, 107. Plaintiff was then arrested and
13   booked on November 13, 2018 regarding the same cause no. 17-1-01140-0. *See* Dkt. 107 at 5.
14   Therefore, according to defendants, plaintiff was a convicted prisoner on January 19, 2019. *See*
15   Dkt. 105 at 8. However, the evidence presented by defendants does not put it beyond dispute that
16   plaintiff was a pretrial detainee at the time of the incident.

17   The evidence as presented by defendants shows that on November 8, 2017 plaintiff was
18   sentenced to 364 days confinement and that he was arrested on November 13, 2018. *See* Dkt.
19   107 at 5, 20. However, the second arrest occurred more than 364 days after plaintiff was
20   sentenced. Defendants explain that it is possible that plaintiff could have violated the terms of his
21   sentence, which may have resulted in an extended sentence of confinement. *See* Dkt. 111 at 5.
22   But defendants do not submit any evidence of that happening. Therefore, they have not shown an
23   absence of a genuine dispute as to plaintiff's confinement status.

24

1  Defendants also argue that plaintiff had the burden to rebut their evidence and he failed to
2  provide any evidence of his confinement in his response. *See* Dkt. 111 at 5–6. However, the
3  burden shifts to the nonmovant once the movant satisfies his initial burden, and defendants have
4  not done so. *See Leisek,* 278 F.3d at 898.
5  Accordingly, the Court recommends that defendants' motion for summary judgment
6  should be denied. However, defendants should be allowed to renew their motion on this issue
7  upon a proper showing of an absence of a genuine dispute of fact.

8  **CONCLUSION**

9  Based on the foregoing, the undersigned recommends that defendants' motion (Dkt. 105)
10 be denied. However, defendants should be allowed to renew their motion for partial summary
11 judgment as to plaintiff's status of confinement upon a proper showing at a later date.
12 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
13 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
14 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
15 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
16 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*
17 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).
18 Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the
19 matter for consideration on **Mach 4, 2022**, as noted in the caption.
20 Dated this 17th day of February, 2022.

J. Richard Creatura
Chief United States Magistrate Judge