UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN EDWARD LEWIS,

          Plaintiff,

  v.

CRAIG FERGUSON, et al.,

          Defendants.

CASE NO. C19-5108 BHS-JRC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 108, and Defendant Craig Ferguson's objections to the R&R, Dkt. 109.

Plaintiff Justin Lewis initiated this matter against employees of the Kitsap County Jail, alleging use of excessive force and assault and battery while he was housed at the Kitsap County Jail. Dkt. 83 (Third Amended Complaint); *see also* Dkt. 45 (Second Amended Complaint). Ferguson answered the second amended complaint and asserted a malicious prosecution counterclaim against Lewis.[1] Dkt. 48. Lewis then moved for

---

[1] After Lewis filed his second amended complaint, the Court granted his motion to appoint counsel. Dkt. 54. Lewis's counsel subsequently moved for leave to amend, Dkt. 71,

ORDER - 1

summary judgment on Ferguson's counterclaim, arguing that Ferguson lacked evidence for the requisite elements for malicious prosecution. Dkt. 85.

The R&R recommends that the Court grant Lewis's motion, concluding that Ferguson has failed to create a dispute of material fact as to elements of probable cause and malice. Dkt. 108; *see also Clark v. Baines*, 150 Wn.2d 905, 911–12 (explaining the elements for a malicious prosecution claim arising from a civil action but emphasizing that "malice and want of probable cause constitute the gist of a malicious prosecution action"). Ferguson objects to the R&R, arguing that there are questions of fact as to whether Lewis has probable cause and that there is an inference of malice. Dkt. 109.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The problem with Ferguson's objections, as Lewis highlights, is that they are identical to the arguments he made in response to Lewis's motion for summary judgment. *Compare* Dkt. 100 *with* Dkt. 109. For example, Ferguson argued in his response Lewis's claims are not "clear-cut" to rule out his counterclaim. Dkt. 100 at 12–13. He makes the same argument in his objections. Dkt. 109 at 3–4.

---

which was granted, and filed the operating third amended complaint, Dkt. 83. Defendants have not yet answered the third amended the complaint but have moved to dismiss. Dkt. 105. Judge Creatura has issued an R&R on the motion, Dkt. 113, and Defendants have objected, Dkt. 114. The Court will rule on the R&R and objections when ripe for consideration.

| | |
|---|---|
| 1 | Objections to a R&R are not a vehicle to relitigate the same arguments carefully |
| 2 | considered and rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life &* |
| 3 | *Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, |
| 4 | 2017) (collecting cases). A proper objection requires specific written objections to the |
| 5 | findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, |
| 6 | 1121 (9th Cir. 2003) (en banc). Ferguson has not done so, and his objections are |
| 7 | overruled. The Court agrees with the R&R's analysis that Ferguson failed to show proof |
| 8 | concerning essential elements on which he has the burden of proof. |
| 9 | The Court having considered the R&R, Defendant Ferguson's objections, and the |
| 10 | remaining record, does hereby find and order as follows: |
| 11 | (1) The R&R is **ADOPTED**; |
| 12 | (2) Plaintiff's motion for summary judgment, Dkt. 85, is **GRANTED**; and |
| 13 | (3) Defendant Craig Ferguson's counterclaim is **DISMISSED with prejudice**. |
| 14 | Dated this 10th day of March, 2022. |

BENJAMIN H. SETTLE
United States District Judge