UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN EDWARD LEWIS,

        Plaintiff,

   v.

CRAIG FERGUSON, et al.,

        Defendants.

CASE NO. 3:19-cv-5108 BHS-JRC

ORDER ON REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Creatura's Report and Recommendation, Dkt. 113, recommending that the Court deny Defendants' motion for partial summary judgment on Plaintiff Lewis's Fourteenth Amendment § 1983 excessive force claim, based on an incident at the Kitsap County Jail. Dkt. 105.[1]

Defendants object, arguing that the Fourteenth Amendment applies to pre-trial detainees, not convicted inmates, and that, in order to prevail on his Fourteenth Amendment claim, Lewis must plausibly allege and ultimately prove that he was a pre-

---

[1] Defendants motion also sought dismissal of Lewis's Eighth Amendment § 1983 claim. The R&R recommends denying that motion, and the Defendants do not object. Accordingly, the R&R's recommendation on this point is ADOPTED, and the Defendants' motion to dismiss Lewis's Eighth Amendment claim is DENIED.

ORDER - 1

trial detainee when he was arrested and the victim of excessive force. Dkt. 114. They argue that in the absence of such proof, a convicted felon like Lewis must instead proceed only under the Eighth Amendment, which offers less protection than the Fourteenth. *Id.*

**A.     Background.**

Lewis was arrested and booked into the Kitsap County Jail on November 13, 2018. The record is sparse on details, but the Kitsap Jail's Booking Report includes the following:

| Arrest ID | Date Arrested | Charge | Charge: Type | Status | Docket No. | Bond: Amount | Status Type |
|---|---|---|---|---|---|---|---|
| 2018000103 | 11/13/2018 | VUCSA-POSS - AMPHET, METHAMPHET | F | SENT | 171011400 | | Gl |

Dkt. 106, Ex. A. It appears to the Court that Lewis was "charged" with a "VUCSA," or a Violation of the Uniform Controlled Substances Act. *See id.*

Defendants contend that the "17101140" under "Docket No." refers to Lewis's prior criminal case. They contend that a review of the docket in the 2017 case demonstrates that Lewis had pled guilty to a similar charge on November 8, 2017, Dkt. 105 at 2 (citing Dkt. 106, ¶ 4; Ex. B), and that he was sentenced to 364 days, *see* Dkt. 106, Ex. B, at 20. The record does not reflect when that sentence began or ended, but there is no claim and no evidence that Lewis was arrested while he was in prison for the charge to which he pled guilty. Nor is there any evidence of the resolution of the "charge" reflected in this document. Nevertheless, Defendants contend that Lewis was in prison (again) for his prior crime, and that he is limited to an Eighth Amendment claim unless he can demonstrate otherwise.

1   It is true that the one story consistent with the limited evidence is that Lewis was
2   arrested for possessing methamphetamine, after he had been previously convicted,
3   incarcerated, and released, but while he was on supervised release, and that DOC or the
4   officers believed Lewis had violated the terms of his community custody agreement, and
5   he was jailed. *See* Dkt. 106, Exs. A, C. But there is no evidence about what happened to
6   the charge reflected in the record.

7   In any event, Lewis claims that while he was in Kitsap County Jail, on January 19,
8   2019 (some two months after he was booked), jail staff assaulted him with a taser applied
9   to his anus, and he sued, pro se. Dkt. 1. Lewis has since obtained pro bono counsel, Dkt.
10  57, and filed a third amended complaint, Dkt. 83.

11  Defendants seek summary judgment on Lewis's Fourteenth Amendment claim,
12  arguing that Lewis was jailed as a convicted felon, not a pre-trial detainee, and that the
13  Fourteenth Amendment does not apply. Dkt. 105. It argues that convicted prisoners, like
14  Lewis, may assert such claims based on their prison treatment under only the Eighth
15  Amendment. *Id.*

16  Magistrate Judge Creatura disagreed, and recommended that the Court deny the
17  motion. Dkt. 113. He explained that while it was plausible that Lewis was arrested and
18  jailed for violating the terms of his sentence and release, Defendants had not
19  demonstrated that that was the case. *Id.* at 7. Defendants object, arguing that Lewis has
20  the burden of demonstrating that he was a pre-trial detainee, and if he cannot do so he
21  cannot assert a Fourteenth Amendment claim as a matter of law. Dkt. 114 at 4. They so
22

contend despite conceding that they, too, are "unable" to ascertain whether any charge was pending against Lewis at the time of the incident. *Id*. at 3.

**B.      Standard of Review on objections to a Magistrate Judge's Report and Recommendation.**

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, Objections to a Magistrate's Report and Recommendations are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the Magistrate Judge. *See, e.g.*, *El Papel Llc v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a Magistrate's Report and Recommendations when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

As Courts in other Districts have recognized and explained, such re-litigation is not an efficient use of judicial resources:

1
2
3
4

> There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*

5   *Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb.

6   12, 2018); *see also Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL,

7   2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*,

8   No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019)

9   ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the

10  magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ.

11  P. 72.").

12  **C.    Defendants have not demonstrated as a matter of law that Lewis was not a pre-trial detainee at the time of the incident.**

13

14  Defendants object to only one portion of the R&R: they claim that the evidence

15  demonstrates as a matter of law that Lewis was arrested and incarcerated at the Kitsap

16  County Jail in a matter related to a prior criminal prosecution, conviction, and prison

17  term. Dkt. 114. They argue, correctly, that incarcerated, convicted felons cannot assert a

18  § 1983 claim for violation of their Fourteenth Amendment rights, but must meet the

19  higher standard for an Eighth Amendment violation. *Id.* They also argue, less

20  persuasively, that the burden is on Lewis to plausibly allege—and in response to a

21  *Celotex* summary judgment motion, to demonstrate—that he was a pretrial detainee, and

22  not a convicted inmate, when he was the subject of excessive force by his jailors. *Id.*

ORDER - 5

The Magistrate Judge disagreed, as does this Court. The fact that Lewis had previously been convicted and sentenced does not necessarily make him an inmate, protected only by the Eighth Amendment (and not the Fourteenth), as a matter of law. It is certainly not the case that a felon who has served his term has lost his Fourteenth Amendment rights forever, even if he is subsequently jailed in connection with a new charge. The record is silent about the outcome of the November 18, 2018 possession "charge." A charge is not a conviction.

The Fourteenth Amendment applies to everyone except those serving a post-conviction sentence, including those who are detained pre-trial, but have not yet been convicted and incarcerated. After such a conviction, and while he is serving his sentence in prison, an inmate's rights are curtailed; he may assert only an Eighth Amendment claim based on his treatment in prison. But there is no presumption that everyone in custody has been convicted, and it is not a part of an in-custody plaintiff's prima facie case, or his ultimate burden of proof, on a Fourteenth Amendment due process excessive force claim to prove that he was not yet convicted when his Fourteenth Amendment rights were violated. Defendants have not demonstrated that Lewis was convicted of the charge reflected at Dkt. 106, Ex. A. Absent such a showing, they are not entitled to summary judgment on Lewis's Fourteenth Amendment claim.

The Magistrate Judge's recommended denial of Defendants' summary judgment motion on this issue is ADOPTED and the motion on that basis is DENIED.

**IT IS SO ORDERED.**

//

1  Dated this 22nd day of April, 2022.

2

3

                                                                */s/ Benjamin H. Settle*

4                                              BENJAMIN H. SETTLE
                                            United States District Judge

ORDER - 7