UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN EDWARD LEWIS,<br><br>                Plaintiff,<br><br>    v.<br><br>CRAIG FERGUSON, et al.,<br><br>                Defendants. | CASE NO. C19-5108 BHS-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Magistrate Judge J. Richard Creatura's Report and Recommendation ("R&R"), Dkt. 153, and Defendants' Objections to the R&R, Dkt. 154. The Court adopts Judge Creatura's recommendations for the reasons stated below.

### I. BACKGROUND

This case arises from an incident that occurred on January 19, 2019, while Plaintiff Justin Edward Lewis was detained at the Kitsap County Jail. Defendants Craig Ferguson, Logan Cromwell, Justin Nohrenberg, John Sackman, Samuel Carson, Sascha Siebertz, Jasmine Oliver, and Jordan Campbell were involved in a search of Lewis's unit in the jail and confiscated Lewis's Bible. Dkt. 153 at 2–3. Lewis disputed their seizure of

his Bible. *Id.* at 3. Ultimately, the confrontation resulted in a physical altercation during which at least six corrections officers took Lewis down, sprayed him with OC pepper spray, hit him, pulled down his pants, and repeatedly tased his buttocks. *Id.*; *see also* Dkt. 83, ¶¶ 16–18. The incident was captured on surveillance video without audio. Dkt. 153 at 3.

Lewis sued, alleging Defendants violated his Eighth and Fourteenth Amendment rights by engaging in excessive force against him, and that they committed the state torts of assault and battery. Dkt. 83, ¶¶ 22–27. He seeks compensatory damages, punitive damages, fees, and costs. *Id.* at 6.

While much of what took place during the incident is undisputed, Defendants have repeatedly challenged Lewis's ability to simultaneously assert both Eighth and Fourteenth Amendment excessive force claims. *See* Dkts. 105 at 6–8, 126 at 15, 154 at 1–5. Lewis seemingly asserts both because there is a factual dispute as to whether he was being held as a pre-trial or post-conviction detainee. Defendants now assert that Lewis was a post-conviction detainee at the time of the incident because there were no "other holds" in their system. Dkt. 154 at 3; *see also* Dkt. 133, ¶ 4.

The records provided reflect that Lewis was sentenced to 364 days in custody on November 8, 2017, in Kitsap County Case No. 17-1-01140-0. *See* Dkt. 107 at 7–28. He was subsequently arrested a little over a year later, on November 13, 2018. *Id.* at 5. The documents surrounding that arrest use the same case number as his initial sentence, which he had presumably already served when he was arrested again. *Id.* When the January 19

ORDER - 2

incident occurred, 437 days had passed since Lewis was sentenced. Lewis's arrest on November 13, 2018, suggests he was out of jail for some period and re-arrested.

Nevertheless, Defendants have provided no explanation for his subsequent arrest, which leaves open the question of whether Lewis was a pre-trial detainee, whether he was being held past his release date, whether he was in custody for a parole violation, whether he was just beginning to serve his 364-day sentence, or whether there exists some other explanation. Defendants have not attempted to explain the veracity of their claim that Lewis was not a pre-trial detainee, asserting that they have no duty to explain why Lewis was in custody. They claim doing so "goes beyond Defendants' Rule 56 evidentiary burden." Dkt. 154 at 2. The factual dispute on whether Lewis was a pre-trial or post-conviction detainee cannot be resolved, however, without such an explanation. Viewed in the light most favorable to Lewis, the only evidence supports the conclusion that Lewis had already served his first prison term and was being held for some new reason that is squarely within Defendants' knowledge.

Defendants move for summary judgment on all of Lewis's claims, Dkt. 126, and Judge Creatura recommends denying that motion, Dkt. 153. Judge Creatura also denied Defendants' motion to exclude Lewis's expert witness, Gregory Gilbertson, Dkt. 142. *See* Dkt. 153. The parties do not object to Judge Creatura's ruling on Defendants' motion to exclude.[1] They similarly do not object to Judge Creatura's recommendation that the

---

[1] Magistrate judges may hear and decide non-dispositive matters. Fed. R. Civ. P. 72(a). Because the parties do not object to Judge Creatura's ruling on this non-dispositive motion, the Court need not address it and Judge Creatura's ruling stands.

ORDER - 3

1    Court deny Defendants' motion for summary judgment on Lewis's Eighth Amendment
2    and state law claims.[2] That recommendation is therefore ADOPTED and Defendants'
3    motion for summary judgment is DENIED as to those claims.
4        Defendants object to Judge Creatura's recommendation that the Court deny their
5    motion for summary judgment on Lewis's Fourteenth Amendment claim. Dkt. 154. They
6    argue first that Judge Creatura erred by holding Defendants to a higher evidentiary
7    standard on their Fourteenth Amendment claim than is appropriate at summary judgment,
8    and second that Lewis lacks standing for his Fourteenth Amendment claim. *Id.* Both of
9    Defendants' objections revolve around their assertion that Lewis was not a pre-trial
10   detainee at the time of the incident. *Id.*
11       Lewis argues that Judge Creatura properly placed the burden on Defendants as the
12   moving party, and that Defendants failed to meet their burden to show the absence of a
13   disputed material fact on his Fourteenth Amendment claim. Dkt. 155 at 1–3. Lewis also
14   argues that he has standing to assert his Fourteenth Amendment claim as an injured party
15   who is claiming Defendants used excessive and unreasonable force. *Id.* at 3–4.
16       Defendants' objections, and Lewis's responses, are addressed in turn.
17   //
18   //
19   //
20   //

---

[2] Defendants also moved to dismiss all of Lewis's claims against Cromwell, Dkt. 126 at 17–18, but withdrew that motion after Lewis submitted evidence that Cromwell was properly served, Dkt. 149 at 12.

ORDER - 4

## II. DISCUSSION

### A. Legal Standards

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

As courts in other Districts have recognized and explained, such re-litigation is not an efficient use of judicial resources. There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No.

CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate judge's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

**B.     Judge Creatura Properly Applied the Summary Judgment Standard.**

Defendants argue that Judge Creatura held them to a standard beyond their Rule 56 evidentiary burden and that they met their burden by providing "affirmative unrefuted witness testimony of Lt. Hall who reviewed Plaintiff's jail records." Dkt. 154 at 2. Defendants further argue that Judge Creatura held Lewis to a lower standard than is required at summary judgment because Lewis relied only on "metaphysical doubt" when more is required. *Id.* at 3 (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586).

Lewis argues that Judge Creatura properly applied the summary judgment standard because Defendants failed to meet their initial burden of showing the absence of a genuine material fact. Dkt. 155 at 2 (parenthetically quoting *Sheet Metal Workers' Int'l Ass'n v. Nat'l Labor Relations Bd.*, 716 F.2d 1249, 1254 (9th Cir. 1983) (explaining that a court should deny a motion for summary judgment if "the movant's papers . . . themselves demonstrate the existence of a material issue of fact")). Lewis

ORDER - 7

further points out that evidence is to be viewed in favor of the nonmoving party and reasonable inferences are to be drawn in the nonmoving party's favor. *Id.* at 3 (citing, *inter alia*, *Anderson*, 477 U.S. at 255).

As an initial point, this is the second time Defendants have moved for summary judgment on this exact issue. "[D]istrict courts have discretion to permit successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). The Ninth Circuit has "adopt[ed] the sound view, expressed by several [other] circuits, that a successive motion for summary judgment is particularly appropriate on an expanded factual record." *Id.* (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000); *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)). A successive summary judgment motion may also be appropriate when there is "'an intervening change in controlling law'" or a "need to correct a clear error or prevent manifest injustice." *Whitford*, 63 F.3d at 530 (quoting *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988)).

Defendants assert that they have provided new evidence in the form of a declaration of Kitsap County Sheriff's Office Lieutenant Keith Hall which states, simply: "On January 19, 2019, Justin Lewis was confined to the Kitsap County Correctional Facility serving a 364-day term sentence under Kitsap County Superior Court Cause No. 17-1-01140-0. On that date, he had no other holds in our system." Dkt. 133, ¶ 4. According to Defendants, this declaration is sufficient to (1) permit them to move for

summary judgment a second time;[3] and (2) eliminate any issue of fact as to Lewis's detainee status.

Lieutenant Hall's declaration provides no additional clarity and therefore does not amount to an "expanded factual record." Thus, there is no need for the Court to reevaluate the same arguments presented in the parties' briefing on Defendants' first motion for summary judgment or to restate what it already stated in its ruling on that motion. Moreover, Magistrate Judge Creatura properly evaluated the parties' arguments on this point. The Court will briefly outline why it agrees with Judge Creatura, though it notes that this is effectively Defendants' third bite at the same apple. The result is the same, and the Court will not entertain another motion on this issue unless Defendants are able to provide an explanation as to why Lewis was held past his release date.

As to Defendants' argument that Judge Creatura misapplied the burden, they miss the point. Defendants, as the moving party, bear the initial burden to show that there is no evidence supporting an element essential to the nonmovant's claim. *See Celotex*, 477 U.S. at 322. Only upon satisfying their own burden does the burden shift to the nonmovant. *Anderson*, 477 U.S. at 250. Lieutenant Hall's conclusory assertion that Lewis was a pre-trial detainee without explanation of why he was held beyond his release date is insufficient to satisfy Defendants' initial burden. Drawing all inferences in the favor of Lewis, the Court must assume he was being detained pre-trial on a new charge. In other

---

[3] Defendants classify their previous motion as one to dismiss. *See* Dkt. 154 at 2 n.1. However, their previous motion moves to dismiss Lewis's Fourteenth Amendment claim under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. *See* Dkt. 105 at 1. Both motions were denied. Dkts. 113, 117.

ORDER - 9

words, the Court agrees with Judge Creatura that "[t]he evidence [D]efendants submitted does not foreclose the possibility that [P]laintiff may have been a pretrial detainee." Dkt. 153 at 14.

While it may be true that Lewis cannot *prevail* on both Eighth and Fourteenth Amendment claims,[4] that does not mean he cannot *pursue* both when factual issues about his detention status remain. Thus, Defendants' Objections are OVERRULED, and Judge Creatura's R&R is ADOPTED on this point.

**C.     Defendants' Standing Argument is Misplaced.**

Defendants argue that Lewis lacks standing to bring his Fourteenth Amendment claim because he has not alleged, or provided evidence to support the idea, that he was a pre-trial detainee at the time of the incident. Dkt. 154 at 3–5. Defendants assert that Lewis only has a viable Fourteenth Amendment claim if he was, in fact, a pre-trial detainee at the time and that, if he was, his Eighth Amendment claim must therefore fail. *Id.* In other words, Defendants argue that Lewis cannot have standing to assert both Fourteenth Amendment and Eighth Amendment claims because one claim depends on the plaintiff's status as a pre-trial detainee and the other depends on the plaintiff's status as a post-conviction detainee.

Lewis argues that he clearly has standing to assert a claim that Defendants violated his civil rights by using excessive and unreasonable force against him in the Kitsap

---

[4] The parties have not briefed, and the Court does not express any opinion, as to what claim(s) would be appropriate if Lewis was being held past his release date without reason when the incident occurred.

ORDER - 10

County Jail. Dkt. 155 at 3–4. He asserts that genuine issues of fact remain on whether Lewis was a pre-conviction or post-conviction detainee at the time of the incident. *Id.* at 4. He also points out that Defendants failed to raise this argument in their motion for summary judgment. *Id.* at 4 n.4.

This is not a standing argument. Defendants are not asserting that Lewis did not suffer an injury or that his injury is not redressable. Rather, they are asserting that Lewis fails to state a plausible Fourteenth Amendment claim.

Therefore, Defendants' Objections on this issue are OVERRULED.

***

The Court notes, in closing, that it seems through additional discovery, Lewis's detention status can and ought to be conclusively determined before trial.

### III.  ORDER

The Court, having considered the R&R, Plaintiff's objections, and the remaining record, does hereby order as follows:

(1)   The R&R is **ADOPTED**; and

(2)   Defendants' Motion for Summary Judgment, Dkt. 126, is **DENIED**.

Dated this 17th day of February, 2023.

BENJAMIN H. SETTLE
United States District Judge